IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Phillip Reeves, | Civil Action No. 0:26-114-CMC |
| Petitioner, | |
| vs. | **ORDER** |
| Scotty Bodiford, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").

On February 9, 2026, the Magistrate Judge issued a Report recommending the Petition be dismissed without prejudice and without requiring Respondent to file a return. Dkt. No. 8.  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Petitioner filed the same document containing his objections twice. Dkt. Nos. 11, 14.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommended dismissal because this action is duplicative, and based on *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. Dkt. No. 8 at 2, 3. Petitioner's state court criminal proceedings are ongoing, and the Magistrate Judge determined this case meets the test set forth for abstention. The Magistrate Judge also addressed Petitioner's citation to *Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975), finding it does not help Petitioner, as his indictment returned by a grant jury determines the existence of probable cause and required the issuance of arrest warrants without further inquiry. *Id.* at 5.

Petitioner objects, arguing he challenges the validity of his incarceration for the arrest date of September 18, 2024, not the arrest date of August 15, 2024. Dkt. No. 11 at 1. He contends he is not raising the same grounds as the prior case, as he did not raise the *Gerstein* issue in that case. He notes it is unconstitutional to fabricate evidence to procure a warrant or indictment with perjured testimony or omitting material evidence, which he argues occurred in his case. *Id.* at 2. He claims this filing is a "Due Process Clause of the Fourteenth Amendment Fabrication of Evidence claim." *Id.* He again raises *Gerstein* for the proposition that an order to hold a preliminary hearing would not prejudice the state court trial on the merits, as it is directed only at the legality of pretrial detention, and asserts this cannot be raised in criminal proceedings. *Id.* at 3.

2

*Gerstein* observed in a footnote

> The District Court correctly held that respondents' claim for relief was not barred by the equitable restrictions on federal intervention in state prosecutions, *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The injunction was not directed at the state prosecutions as such, but only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution. The order to hold preliminary hearings could not prejudice the conduct of the trial on the merits.

420 U.S. at 108 n.9. However, the Magistrate Judge determined this *Gerstein* footnote did not apply to Petitioner, who was indicted by a Grand Jury and arrested pursuant to warrants. The plaintiff in *Gerstein* was arrested and held for trial on an Information, not an Indictment, and was arrested without a warrant. *Id.* at 116. That case discusses proper procedures for arrest and charge of someone who had no opportunity for probable cause determination. However, the Indictment and arrest warrants were issued, and both require a determination of probable cause. *See id.* at 116-117. Accordingly, the court agrees with the Magistrate Judge, this distinguishes Petitioner's case from *Gerstein*. Further, the court agrees Petitioner may challenge the sufficiency of the warrants or indictment in his state criminal action.

3

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the Magistrate Judge. The court therefore adopts and incorporates the Report and Recommendation by reference in this order. This petition is dismissed without prejudice and without requiring respondent to file a return.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 25, 2026

4